UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

TARA BROWN, on Behalf of Herself
and others similarly situated,

        Plaintiff,

v.

        Case No. 1:21-cv-00595

ALLTRAN FINANCIAL, LP.,

        Defendant.

_____/

## ALLTRAN FINANCIAL, LP'S
## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, Alltran Financial, LP ("Alltran"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this answer and affirmative defenses to the complaint filed by plaintiff, Tara Brown, and states:

## NATURE OF THE ACTION

1. Alltran admits only that plaintiff purports to bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the North Carolina Debt Collection Act, N.C.G.S. § 75-50, *et seq.,* but denies any and all damages, liability, and/or violations to the extent alleged in ¶ 1.

2. Alltran denies the allegations in ¶ 2.

3. Alltran admits only that plaintiff purports to bring this action pursuant to Rule 23 of the Rules of Civil Procedure but otherwise denies the allegations in ¶ 3 and further denies that this lawsuit meets the requirements of a class action.

## JURISDICTION AND VENUE

4. Alltran reasserts the foregoing responses as if fully stated herein.

5. Alltran denies the allegations in ¶ 5 and leaves all matters of jurisdiction to the Court.

6. Alltran does not contest venue but otherwise denies the allegations in ¶ 6.

## PARTIES

7. Alltran denies the allegations in ¶ 7 concerning citizenship and residency for lack of knowledge or information sufficient to form a belief therein. The remaining allegations in ¶ 7 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, Alltran denies the remaining allegations in ¶ 7.

8. Alltran admits that it is a foreign business entity with an office located at 5800 North Course Drive, Houston, Texas 77072 and has a registered agent for service located North Carolina as described but otherwise denies the allegations in ¶ 8.

## FACTUAL ALLEGATIONS

9. The allegations in ¶ 9 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 9.

10. The allegations in ¶ 10 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 10.

11. Alltran admits it engages in the business of debt collection but otherwise denies the allegations in ¶ 11.

12. Alltran admits that it uses the telephone and mail in the normal course of its business activities but otherwise denies the allegations in ¶ 12.

13. Alltran admits an unpaid account in plaintiff's name was placed with Alltran for collection and Alltran attempted to collect the account but otherwise denies the allegations in ¶ 13.

14. Alltran denies the allegations in ¶ 14 for lack of knowledge or information sufficient to form a belief therein.

15. Alltran denies the allegations in ¶ 15 as for lack of knowledge or information sufficient to form a belief therein.

16. The allegations in ¶ 16 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 16.

17. Alltran admits an unpaid account in plaintiff's name was placed with Alltran for collection but otherwise denies the allegations in ¶ 17.

18. Alltran denies the allegations in ¶ 18 for lack of knowledge or information sufficient to form a belied therein.

19. Alltran admits the allegations in ¶ 19.

20. Alltran admits it contracted with a third-party mail vendor but otherwise denies the allegations in ¶ 20.

21. Alltran admits denies the allegations in ¶ 21.

22. Alltran denies the allegations in ¶ 22.

23. Alltran denies the allegations in ¶ 23.

24. Alltran denies the allegations in ¶ 24 for lack of knowledge or information sufficient to form a belief therein.

25. Alltran denies the allegations in ¶ 25 for lack of knowledge or information sufficient to form a belief therein.

26. The allegations in ¶ 26 do not make an averment against Alltran for which a response is required.

27. Alltran denies the allegations in ¶ 27 for lack of knowledge or information sufficient to form a belief therein.

## CLASS ALLEGATIONS

28. Alltran reasserts the foregoing responses as if fully stated herein.

29. Alltran admits only that plaintiff purports to bring this action as a class action, but otherwise denies the allegations in ¶ 29 and denies this action meets the requirements of Fed. R. Civ. P. 23.

30. Alltran admits only that plaintiff purports to exclude those individuals and entities from the Class as listed in ¶ 30, Alltran otherwise denies the allegations in ¶ 30 and denies this action meets the requirements of Fed. R. Civ. P. 23.

31. Alltran denies the allegations in ¶ 31 and denies this action meets the requirements of Fed. R. Civ. P. 23.

32. Alltran denies the allegations in ¶ 32 and denies this action meets the requirements of Fed. R. Civ. P. 23.

33. Alltran denies the allegations in ¶ 33 and denies this action meets the requirements of Fed. R. Civ. P. 23.

34. Alltran denies the allegations in ¶ 34, and denies this action meets the requirements of Fed. R. Civ. P. 23.

35. Alltran denies the allegations in ¶ 35 for lack of knowledge or information sufficient to form a belief therein but denies this action meets the requirements of Fed. R. Civ. P. 23.

36. Alltran denies the allegations in ¶ 36 and denies this action meets the requirements of Fed. R. Civ. P. 23.

**FIRST CAUSE OF ACTION**
**Violations of Fair Debt Collection Practices Act**
**15 U.S.C. § 1692 et seq.**
**(On behalf of the FDCPA Sub-Class)**

37. Alltran reasserts the foregoing responses as if fully stated herein.

38. The allegations in ¶ 38 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 38.

39. The allegations in ¶ 39 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 39.

40. The allegations in ¶ 40 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 40.

41. The allegations in ¶ 41 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 41.

42. Alltran denies the allegations in ¶ 42.

43. The allegations in ¶ 43 constitute legal conclusions or statements of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 43.

44. The allegations in ¶ 44 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 44.

45. Alltran denies the allegations in ¶ 45 for lack of knowledge or information sufficient to form a belief therein.

46. Alltran denies the allegations in ¶ 46 for lack of knowledge or information sufficient to form a belief therein.

47. Alltran denies the allegations in ¶ 47 for lack of knowledge or information sufficient to form a belief therein.

48. Alltran denies the allegations in ¶ 48 for lack of knowledge or information sufficient to form a belief therein.

49. Alltran denies the allegations in ¶ 49.

50. Alltran denies the allegations in ¶ 50.

51. Alltran denies the allegations in ¶ 51.

52. The allegations in ¶ 52 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 52.

53. Alltran denies the allegations in ¶ 53.

54. Alltran denies the allegations in ¶ 54.

55. Alltran denies the allegations in ¶ 55.

**SECOND CAUSE OF ACTION**
**Violations of North Carolina Debt Collection Practices Act**
**N.C.G.S. § 75-50,** *et seq.*
**(On behalf of the NC Class)**

56. Alltran reasserts the foregoing responses as if fully stated herein.

57. The allegations in ¶ 57 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 57.

58. The allegations in ¶ 58 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 58.

59. The allegations in ¶ 59 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 59.

60. Alltran denies the allegations in ¶ 60.

61. Alltran denies the allegations in ¶ 61.

62. Alltran denies the allegations in ¶ 62.

# THIRD CAUSE OF ACTION
## Violation of the North Carolina Unfair and Deceptive Trade Practices Act
## N.C.G.S. § 75-1.1
### (on behalf of the NC Class)

63. Alltran reasserts the foregoing responses as if fully stated herein.

64. The allegations in ¶ 64 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 64.

65. The allegations in ¶ 65 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 65.

66. The allegations in ¶ 66 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 66.

67. The allegations in ¶ 67 constitute a legal conclusion or statement of law to which no response is required. In the event a response is required, Alltran denies the allegations in ¶ 67.

68. Alltran denies the allegations in ¶ 68.

69. Alltran denies the allegations in ¶ 69.

70. Alltran denies the allegations in ¶ 70.

## Prayer for Relief

Alltran denies plaintiff is entitled to any relief, including the relief requested in the subparts (1) through (11).

AND NOW, in further Answer to the Complaint, Alltran avers as follows:

## FIRST AFFIRMATIVE DEFENSE

One or more of the Counts fail to state a claim against Alltran upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent a violation is established, any such violation being denied, it resulted from bona fide error.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no injury in fact and lacks standing.

## FOURTH AFFIRMATIVE DEFENSE

Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Alltran, or for whom Alltran is not responsible or liable.

## FIFTH AFFIRMATIVE DEFENSE

Assuming plaintiff suffered any damages, which is denied, plaintiff has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

## SIXTH AFFIRMATIVE DEFENSE

This action cannot be maintained as a class action because individual questions predominate over common questions of law and fact, and a class action is not superior to other available methods for the fair and efficient adjudication of the matter.

WHEREFORE, defendant, Alltran Financial, LP requests that the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

Dated: July 27, 2021

>Respectfully Submitted,
>
>/s/ *Brian D. Roth*_____
>Brian D. Roth, Esq. (18415)
>Sessions Israel & Shartle, LLC
>3850 N. Causeway Blvd., Suite 200
>Metairie, LA 70002
>Telephone: (504) 828-3700
>Facsimile: (504) 828-3737
>Email: broth@sessions.legal
>*Attorneys for Defendant,*
>*Alltran Financial, LP*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2021, a copy of the foregoing was filed via ECF and served via U.S. Mail, postage prepaid and electronic mail, on the following:

Scott C. Harris
Patrick Wallace
Milberg Coleman Bryson Phillips Crossman PLLC
900 W. Morgan Street
Raleigh, NC 27603
sharris@milberg.com
pwallace@milberg.com
*Attorneys for Tara Brown and*
*The putative class*

>/s/ *Brian D. Roth*_____
>Attorney